**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT MAYER,

       Plaintiff,

                                   Case No. 15-12503

V.

                                   Honorable Denise Page Hood

WELLS FARGO BANK, N.A.,

       Defendant.

_____/

**ORDER GRANTING MOTION TO DISMISS**
**AND**
**DENYING MOTIONS TO COMPEL AS MOOT**

## I.   BACKGROUND

On July 14, 2015, this action was removed by Defendant Wells Fargo Bank, N.A. from the Washtenaw County Circuit Court, State of Michigan.  (Doc. No. 1) Plaintiff Robert Mayer, proceeding *pro se*, filed the instant suit against Defendant alleging fraud in servicing the mortgage and mortgage assignment, violation of the Deceptive Trade Practices Act, violation of the Real Estate Procedures Act, unjust enrichment and for quiet title.  Plaintiff seeks return of the property in fee simple title holder and damages in the amount of $197,000.  (Doc. No. 1, Ex. A)

On July 28, 2010, Plaintiff purchased the subject property from Defendant for $197,000, borrowing from Defendant $218.711.  (Doc. No. 8, Exs. A & B) Plaintiff

defaulted on the mortgage loan and the sheriff's sale was scheduled for July 30, 2015.

In lieu of an Answer, Defendant filed the instant Motion to Dismiss under Rule 12(b)(6) of the Rules of Civil Procedure.  An objection/response to the motion was filed by Plaintiff and Defendant replied to Plaintiff's objection/response.  Plaintiff filed a Motion to Compel and a Motion to Compel Default.  Defendant filed responses to Plaintiff's motions and a hearing was held on the matter.

## II.    ANALYSIS

### A.    Defendant's Motion to Dismiss/Plaintiff's Request to Amend

#### 1.    Standard of Review

Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]  Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted).  Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at

2

563.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556.  Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation.  *Ashcroft v. Iqbal,* 556 U.S. 662, 681  (2009).  To survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief.  *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account.  *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

Rule 15(a) provides that a party may amend its pleading once as a matter of course within 21 days after a responsive pleading is served.  Fed. R. Civ. P. 15(a)(1).  Rule 15(a)(2) further provides that a party may amend its pleading on leave of court.

3

Leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  A district court may deny leave to amend in cases of undue delay, undue prejudice to the opposing party, repeated failure to cure deficiencies by amendment previously allowed or futility.  *Foman v. Davis,* 371 U.S. 178, 184 (1962).  Delay alone, regardless of its length is not enough to bar amendment if the other party is not prejudiced. *Duggins v. Steak 'N Shake, Inc.,* 195 F.3d 828, 834 (6th Cir. 1999). Allowing an amendment after the close of discovery and dispositive motion deadline has passed creates significant prejudice because discovery would have to be reopened and the defendant must now prepare a defense for a claim quite different than the claim that was before the court.  *Id.*  When an amendment is sought at a late state of litigation, there is an increased burden on the moving party to show justification for failing to move earlier.  *Bridgeport Music, Inc. v. Dimension Films,* 401 F.3d 647, 662 (6th Cir. 2004).  If a complaint cannot withstand a motion to dismiss under Rule 12(b)(6), the motion to amend should be denied as futile.  *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000).

Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519 (1972).  A *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50 (1984).

4

## 2.      Allegations in the Complaint

Defendant asserts it is unable to determine any facts or plausible claim Plaintiff has alleged against Defendant in the Complaint. Defendant claims Plaintiff's Complaint notes certain laws, but fails to allege any facts as to how Defendant violated these laws and how Plaintiff was damaged by any violation. Defendant further asserts that Plaintiff's Complaint are "little more than a random collection of legal authorities, none of which are related to anything else stated in the Complaint." (Doc. No. 2, Pg ID 64)

Plaintiff responds that he is able to amend the Complaint to conform to the Federal Rules. Plaintiff's first argument is as to standing: that he has proper standing to raise Defendant's lack of legitimate ownership interest in the indebtedness; that Defendant's lien was never publicly declared; and, that Defendant has no standing to foreclose because it is not the holder in due course of the indebtedness. Plaintiff's second argument is as to the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692: that Defendant made false representations as to an outstanding mortgage debt and that there is no contractual language in the mortgage that gives Defendant the independent right to enforce the note or to assign the mortgage. Plaintiff's third argument is that he can establish legal violations to demonstrate the need to quiet title based on fraud and that he has not received proof of any valid documentation that

5

shows a loan or lien from the Defendant.

In reply, Defendant argues that Plaintiff's response fails to state a claim upon which relief may be granted and that any amendment would be futile. Defendant claims that in his response, Plaintiff failed to attach a copy of his proposed amended complaint as required by the rules. Defendant seeks dismissal of the action as baseless.

### 3.   Standing

#### a.   Plaintiff's Standing

As to the standing issue, Defendant does not dispute Plaintiff's ownership of the property. The Court finds that Plaintiff has standing to bring an action related to his ownership of the property.

#### b.   Defendant's Standing

Plaintiff argues Defendant has no standing to foreclose on the mortgage, but based on the documents related to the purchase of the subject property and the mortgage note, Defendant is the security holder and lender. Plaintiff makes mention of an improper assignment in his Complaint. At the hearing, Plaintiff argued that as a loan servicer, Defendant cannot foreclose on the property.

In Michigan, mortgage foreclosures by advertisement are governed by M.C.L. § 600.3204 which permits "either the owner of the indebtedness or of an interest in

the indebtedness secured by the mortgage or the servicing agent of the mortgage" to foreclose a mortgage by advertisement. M.C.L. § 600.3204(1).   In *Residential Funding Co., LLC v. Saurman*, 490 Mich. 909 (2011), the Michigan Supreme Court ruled that an entity holding a mortgage, but not the note, had authority to foreclose under M.C.L. § 600.3204. *Saurman,* 490 Mich. at 910 ("It has never been necessary that the mortgage should be given directly to the beneficiaries. The security is always made in trust to secure obligations, and the trust and the beneficial interest need not be in the same hands. . . .  The choice of a mortgagee is a matter of convenience"). Claims based on the securitization of a mortgage and the alleged separation of the mortgage and note have been ill-received by courts around the nation and courts have viewed them as unconvincing subsequent to the *Saurman* decision. *Gregory v. CitiMortgage, Inc.*, 890 F. Supp. 2d 791, 800-01 (E.D. Mich. 2012).

Defendant, as record holder of the mortgage, has the authority to foreclose on the property at issue under M.C.L. §§ 600.3204(1)(d) and (3). Because the Defendant was the mortgagee at the time of foreclosure, Plaintiff has no basis to claim that the purported transfer of interest in the underlying indebtedness had any impact on Defendant's right foreclose. Plaintiff's claims of improper assignment or securitization and lack of standing by Defendant fail to state a claim upon which relief may be granted.  Any amendment to the issue of Defendant's standing or

7

improper assignment would be futile.

### 4.    Fair Debt Collections Practices Act, 15 U.S.C. § 1692

Plaintiff notes the FDCPA in his response.  The FDCPA, 15 U.S.C. § 1601 *et seq.,* governs debt collectors' actions.  The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors and to promote actions to protect consumers against debt collection abuses.  15 U.S.C. § 1692(e); *Grden v. Leikin Ingber & Winters, PC,* 643 F.3d 169, 172 (6th Cir. 2011).  Violators of the FDCPA are subject to actual damages, statutory damages and attorney fees.  15 U.S.C. § 1692k.  15 U.S.C. § 1692e(2)(A) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \* \* \*
>
> (2)  The false representation of –
>
>> (A)  the character, amount, or legal status of any debt; ...

15 U.S.C. § 1692e(2)(A).  The FDCPA applies only to a "debt collector," which is defined as a person who "attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.A. § 1692a(6); *see Glazer v. Chase*

8

*Home Finance, LLC*, 704 F.3d, 453, 457 (2013).  In *Joyner v. MERS*, 451 F. App'x 505, 507 (6th Cir. 2011), the Sixth Circuit stated that "a creditor is not a debt collector under the FDCPA."  As servicer and the owner of the debt at issue and where the loan was not in default when the servicer or assignee began servicing or acquired the loan, the servicer is not a "debt collector" under the Act.  *See Bridge v. Ocwen Fed. Bank, FSB,* 681 F.3d 355, 359-61 (6th Cir. 2012).

Liberally viewing Plaintiff's Complaint, the Court finds he failed to allege any facts that Defendant is a debt collector under the FDCPA or any facts as to what false misrepresentations Defendant used in violation of the FDCPA.  Even though Plaintiff asserts in his Complaint that the mortgage document at issue is a "bogus document," the mortgage documents indicate Defendant is the security holder and lender.  (Doc. Nos. 1-2, 1-4) As the "creditor," Defendant is not a debt collector under the FDCPA and is not subject to the FDCPA.  Plaintiff fails to state a claim upon which relief may be granted against Defendant under the FDCPA.  Any amendment to the Complaint regarding an FDCPA claim would be futile.

### 5.    Quiet Title

Plaintiff asserts he has evidence to prove he has title to the property and that the Court should issue quiet title in his favor.  Plaintiff claims he has evidence of fraud and that Defendant has failed to show evidence of its right to foreclose.

Defendant argues that Plaintiff's quiet title claim to the property should be dismissed because Plaintiff fails to establish the elements of a quiet title cause of action. Defendant further argues that there is no dispute that Plaintiff has title to the property at this time.

M.C.L. § 600.2932(1), which governs actions that determine interests in land, states:

> Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not.

M.C.L. § 600.2932(1). The statute "codifi[e]s actions to quiet title and authorizes suits to determine competing parties' respective interests in land." *Republic Bank v. Modular One LL.*, 591 N.W.2d 335, 337 (Mich. Ct. App. 1998), *overruled on other grounds by Stokes v. Millen Roofing Co.*, 466 Mich. 660, 649 N.W. 2d 371 (2002). In a quiet title claim, the complaint must allege: (1) the interest the plaintiff claims in the premises; (2) the interest the defendant claims in the premises; and (3) the facts establishing the superiority of the plaintiff's claim. M.C.R. 3.411(B)(2). The plaintiff has the burden of proof in a quiet title action, and must demonstrate a prima facie case of title. *Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Co.*

10

*Rd. Comm'n*, 236 Mich. App. 546, 550 (1999).  If the plaintiff establishes a prima facie case, the burden shifts to the defendant to establish that defendant has superior right or title to the property. *Beulah*, 600 N.W.2d at 701.

Liberally reviewing the Complaint, the Court finds Plaintiff has failed to state a claim upon which relief may be granted since there is no dispute at this time that Plaintiff has title to the property at issue.  Any amendment to this claim would be futile.

As to Plaintiff's allegation of fraud, the Court finds he has failed to state a claim based on fraud.  The Sixth Circuit has interpreted Rule 9(b) as requiring a plaintiff to allege the time, place, and content of the alleged misrepresentation on which they relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.  *See, Yuhasz v. Brush Welman, Inc.,* 341 F.3d 559, 563 (6th Cir. 2003).  A liberal reading of the Complaint shows Plaintiff has failed to allege the specific fraudulent statements made by Defendant or its representatives, the time and place of such statements, the fraudulent scheme involved and the fraudulent intent of the Defendant.  Plaintiff's fraud claims fail to meet the requirements under Rul 9(b)  with sufficient specificity and such claims must be dismissed.  Because there is no quiet title claim at this time, any amendment to Plaintiff's allegation of fraud would be futile.

11

Plaintiff also claims he is entitled to review the original note before Defendant is permitted to foreclose. In Michigan, there is no statutory requirement that the original note or so called "wet-ink" mortgage be presented prior to foreclosure proceedings. Michigan's foreclosure by advertisement statute does not require the original note. *See, Aliahmad v. U.S. Bank N.A.,* 2012 WL 3639282, at *5 (E.D. Mich. Aug. 24, 2012); *Jozlin v. U.S. Bank N.A.,* 2012 WL 12760, at *3 (E.D. Mich. Jan. 4, 2012). A liberal review of Plaintiff's Complaint shows Plaintiff cannot state a claim that an original note is required before Defendant is permitted to foreclose on the subject property. Any amendment to such a claim would be futile.

### B.   Plaintiff's Motion to Compel Discovery

Plaintiff seeks an order to compel Defendant to respond to Plaintiff's First Set of Interrogatories and Request for Production of Documents. Defendant responds that Plaintiff's request is premature under Fed. R. Civ. P. Rule 26(d)(1).

Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except where disclosures are exempted or the court so orders. Here, the parties have yet to meet and confer as required under Rule 26(f). Plaintiff's request for discovery is premature. In any event, in light of the ruling on Defendant's Motion to Dismiss, the request for discovery is denied as moot.

### C.    Plaintiff's Motion to Compel and Order Default

Plaintiff asserts that default judgment should be entered since Defendant failed to respond to the Complaint timely.  Defendant responds that in lieu of an answer, it filed a Motion to Dismiss and that default judgment is inappropriate.

The entry of default under Fed. R. Civ. P. 55(a) is the first procedural step necessary in obtaining a default judgment.  *Shepard Claims Serv., Inc. v. William Darrah & Associates,* 796 F.2d 190, 193 (6th Cir. 1986).  Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Rule 55(b)(2) states that a party must apply to the Court for a default judgment.  The Court may conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.  Fed. R. Civ. P. 55(b)(2).

Plaintiff in this case did not request a *Clerk's* entry of default as required by Rule 55(a), but instead requested a Default Judgment before this Court under Rule 55(b).  In any event, Defendant filed a Motion to Dismiss in lieu of an Answer which is allowed under Rule 12(b)(6).  As set forth in Rule 55(a), an opposing party may "otherwise defend" the action, which Defendant has done by filing a Motion to Dismiss under Rule 12(b)(6).  Plaintiff is not entitled to a default judgment since

13

Defendant has appeared to defend the action.

**III.   CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Dismiss **(Doc. No. 2)** is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel Discovery **(Doc. No. 4)** and Plaintiff's Motion to Compel Default Judgment **(Doc. No. 10)** are DENIED as MOOT.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.


S/Denise Page Hood_____
Denise Page Hood
United States District Judge

Dated:  December 1, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record or party on December 1, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry_____
Case Manager

14